# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL ACTION NO.: 3:03 CR 93

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| RODNEY DARIN McGLON, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendant's "Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2)," (file doc. 26), filed March 23, 2006.

On March 23, 2004, Defendant entered a plea of guilty. And, on September 21, 2004, a Judgment was entered against Defendant for one count of using and carrying a firearm during and in relation to a crime of violence, and one count of possession of a firearm by a convicted felon. Defendant was sentenced to one hundred seventeen (117) months incarceration, plus three years supervised release. On January 12, 2006, Defendant filed a Motion to Vacate under 28 U.S.C. § 2255, which was dismissed by Order of this Court on January 31, 2006. The Defendant now asks this Court to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2).

Under 18 U.S.C. § 3582(c)(2), a court may modify an imposed term of imprisonment where the defendant has "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . [and] after considering the factors set forth in section 3553(a) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Section

3582(c)(2) is only applicable to instances where a defendant is sentenced and a provision in the Sentencing Guidelines is subsequently amended, which, had the amendment occurred prior to the defendant's sentencing, would have resulted in a lower term of imprisonment. In such an instance, the court has the discretion to amend the defendant's term of imprisonment, but only after also considering the factors listed in § 3553(a) and the policy statements issued by the Sentencing Commission. This is not the situation now before this Court.

Defendant argues that his sentence should be reduced according to Amendment 674 to the Sentencing Guidelines. Specifically, Defendant requests that "this court give retroactive effect to Amendment 674 under U.S.S.G. § 1B1.10(c) and reduce his sentence from 117 mos. to 98 mos." (Def.'s Mem. at 1.) Defendant also states that the "Sentencing Commission has expressly designated Amendment 674 as one that may be applied retroactively as clarified," citing United States Sentencing Guideline § 1B1.10(c). (Def.'s Mem. at 1.) However, U.S.S.G. § 1B1.10(c) specifically lists the amendments which are covered by that Section, and notably, Amendment 674 is not one of them. As the Fourth Circuit has explicitly held, an amendment which is not listed in Section 1B1.10(c) "may not be applied retroactively on a section 3582 motion." *United States v. McHan*, 386 F.3d 620, 622 (4th Cir. 2004). Accordingly, this Court has no authority to grant the relief requested by Defendant, and the Motion will be denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2)," (file doc. 26), is hereby **DENIED**.

Signed: August 3, 2006

Richard L. Voorhees
United States District Judge