UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV13-3-V
(3:03CR93-1-V)

| | |
|---|---|
| **RODNEY DARIN McGLON,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's 28 U.S.C. § 2255 "Motion to Vacate, Set Aside, Or Correct Sentence," filed January 12, 2006 (Document No. 1.)

### I. Factual and Procedural Background

A review of the record reflects that on March 23, 2004, Petitioner pled guilty to counts two and three of the superceding indictment charging him with using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1) and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). This Court sentenced Defendant on August 17, 2004 to a total term of 117 months imprisonment on both counts plus three years supervised release. Judgment was entered September 21, 2004 and Petitioner did not appeal.

Petitioner filed the instant § 2255 motion on January 12, 2006, over seventeen months after he was sentenced. This Court did not send Petitioner a notice pursuant to Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), allowing Petitioner to file a document explaining why his petition

should be deemed timely filed because in his Motion to Vacate, Petitioner argues that the limitations period governing his Motion begins to run when the Supreme Court announces a new rule. 28 U.S.C. § 2255(3). Petitioner argues that the new rule was announced by the Supreme Court in the case of <u>United States v. Booker</u> on January 12, 2005 and therefore his motion, filed within one year from the date of the <u>Booker</u> decision, is timely filed.

## II. Analysis

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Here, Petitioner was sentenced on August 17, 2004 and judgment was entered on September 21, 2004. Petitioner did not file a notice of appeal. Thus, giving the Petitioner the benefit of all reasonable calculations, his conviction became final 10 days from the date judgment

was entered, around October 1, 2004.  Therefore Petitioner had until about October 1, 2005 to file his § 2255 motion.  Petitioner did not file the instant Motion to Vacate until January 12, 2006 – that is, more than three months after the expiration of the limitations period.

By way of explanation for his late petition, Petitioner argues that he filed his Petition pursuant to the new Supreme Court rule announced on January 12, 2005 in the case of United States v. Booker, 125 S. Ct 738 (2005) and therefore the AEDPA one year limitations period begins to run one-year from when the rule is announced.

The Court first notes that it is aware of the recent pronouncements in Apprendi, Blakely and Booker/Fanfan.  The Court is also aware of the Fourth Circuit Court of Appeals recent case which concluded that Booker cannot be retroactively applied in cases such as this.  See United States v. Morris, 429 F.3d 65 (4th Cir. 2005).  In Morris, the Fourth Circuit plainly said that Booker was a new rule, for purposes of Teague retroactivity analysis however, Booker was not a watershed rule warranting retroactive application.  Morris, 429 F.3d at 72.  The Morris case is binding on this Court and controls the outcome of this case.  In Morris, the Fourth Circuit joined nine other circuits in holding that Booker does not apply retroactively to cases on collateral review.  See Morris, 429 F.3d 65 at ft.nt 2.

Moreover, in United States v. Dodd, 125 S.Ct. 2478, the Supreme Court explained that the one year limitations period in § 2255(3) is limited to cases in which applicants are seeking to assert rights "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  The Court further explained that 2255(3) does not apply at all if the conditions in the second clause - "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" - have not been satisfied.  Said another way,

a federal prisoner may take advantage of the date in the first clause of 2255(3) only if the conditions in the second clauses are met. Id. at 2482. The Supreme Court has not made the new rule stated in Booker retroactive to cases pending on collateral review and the Fourth Circuit has explicitly held that the rule stated Booker is not retroactively applicable to cases on collateral review. United States v. Morris, 429 F.3d 65 (4th Cir. 2005). Therefore, Petitioner has not satisfied the conditions stated in 28 U.S.C. 2255(3) as one year has passed since the Supreme Court stated the new rule articulated in Booker and the Supreme Court has not made that rule retroactively applicable to cases on collateral review.

For the foregoing reasons, this Court concludes that Petitioner's January 12, 2006 Motion to Vacate is untimely and therefore must be dismissed.

**NOW**, **THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Document No. 1) is dismissed as untimely.

**SO ORDERED.**

Signed: January 31, 2006

Richard L. Voorhees
Chief United States District Judge